Next case is case number 419-0294, Voigt v. Round Robin Enterprises. We'll show the appellant present by counsel, Ms. Funderburg, and the appellee present by counsel, Mr. Burke. Is it Burke? All right. You may proceed, counsel. May it please the court, counsel. We are here on the trial court's dismissal of the plaintiff's amendment complaint with prejudice. Even though there was a request that we be allowed to file a second amendment complaint, the trial court essentially found that based on the set of facts that we allege, there was no duty owed by the defendant to the plaintiff, that basically the grant shop apprehended our claim, and that there were insufficient allegations regarding cost and the cost. And so we are now here before this court. Basically, I think we at minimum should have been allowed to plead a second amendment complaint. Typically, the law provides that you have to give a party sufficient efforts to make a case. And counsel, you said that, and I want to make sure I heard you correctly, that the trial court found that the dram shop basically barred your claim. Is that your position, that that was the position of the trial court? The court did not specifically say you are preempted, but there was a lot of discussion by the trial court. He heavily relied on the fact that this was a dram shop and that it had been sold. Do you disagree that the Dram Shop Act is inapplicable? I would say that the Dram Shop Act does not apply to this case. And the reason I say that is because we did not make any allegations that the defendant negligently served the plaintiff or over-served the plaintiff or anything like that. The only reason why liquor is an issue at all in this case is because it provides the context by which we got this point and also provides the context by which there was a duty undertaken by the defendant. So that's the only way that the Dram Shop actually comes up. And like I said, the trial court did not specifically say that, but really what the trial court said was it did not believe, he did not believe that there was a duty here because he felt that a bar simply did not have a duty to make sure that a drunk patron made it home safely. So that's sort of the interplay. But a Dram Shop does have a duty not to over-serve, doesn't it? That's correct. But that's not, that was not contemplated in a second amended complaint? No. Okay, well what would your second amended complaint allege which would allow you to go forward with your lawsuit? Well, I think the trial court found that he thought that the case maybe was a little stinky on facts. So if I were to bring a second amended complaint, I would add additional facts. And additional facts I would perhaps add that when the defendant walked the plaintiff through the bar and put him out on the street, that they had done that without making sure that the person had his backpack with him. The backpack was left behind, so he had no phone, no way to call for help, no anything like that. And I might make some more allegations perhaps about the fact that this was a busy street in Campus Town in Champaign and that increased the risk to the plaintiff. So I think there are some things that I could have done on a second amended complaint to address some issues. But really what this case boils down to, I think, is that the trial court simply found that there's no duty here. And I think there is, and the reason I say that is because when we discussed that issue, it really boils down to did the defendant voluntarily undertake a duty to the plaintiff? And I would say yes, based upon not only the Supreme Court cases that have recently been decided, Sims case, the Walsh case, the Harris case in the Fifth District, a number of cases that have been found, when the facts are appropriate, there is a voluntary undertaking of a duty owed. And so when you look at those cases and apply them to our particular case, I would say that at their minimum, we should be allowed to proceed to discovery amending the complaint. It's not to say, and even the trial court said when he was discussing whether or not the defendant was entitled to a bill of particulars, he said, you know, for a bill of particulars, there's enough there to go forward. They may not ultimately prevail, but, you know, it's good enough for that. And I'm not saying that after discovery or anything that we ultimately prevail. I don't know. But the point is, we should be allowed at least to move past the pleading stage of the case. If you look at the restatement of torts, which is the- Well, counsel, you mentioned several cases, Simmons, Walker-Lick, as well as Harris. There seems to be quite a difference in the nature of the action undertook in those cases versus the action undertook here. And it's interesting you bring that up because when I looked at the case law on this particular issue, every case is different, and they are very fact-specific. And I think we really have to analyze this and look at it in terms of the facts on a continuum or a spectrum of behavior. With the case over here, absolutely no question there is a duty. The case on the other side, which is they didn't do anything, no duty. And all the other cases kind of fall on that spectrum, continuum of behavior. And I would say our case, because of the nature of what they did, falls closer to the cases where there was a duty. Most of the cases where they found there was no duty, there was things like they just told him to leave, and these people volunteered and left. Or they asked him to leave, or they didn't know they left, or things like that. So it's because they escorted him to the door? Well, it's a combination. But, yeah, basically they have taken control of him at that point. And not only did they escort him to the door, but they made a number of determinations. First of all, they decided, based upon their view of him, then they decided he should not be allowed to consume anything else there at the bar. Then they decided, based upon that behavior, he should not be allowed to remain there. Then they decided he should leave alone, unaided, unassisted. Then they decided that he's okay, based upon all of those things, to go ahead and leave. But remember now, he didn't leave voluntarily. They escorted him out. And not only did they escort him out, they took him out the back way. They had to open a door and a gate, and then they basically chucked him out on the street. And so I think when you look at all of those patterns and control, that puts this case closer on the spectrum of behavior that we haven't done here. Counsel, I want to just clarify the procedural posture here. Sure. The trial court granted the defendant's motion to dismiss under Section 2615, saying the complaint didn't state a cause of action because of no duty. You're appealing that denial? I am appealing. Or are you appealing instead the fact that you then filed a motion to amend, to leave the file, a second amended complaint, was it? Yes. And the trial court denied that. So procedurally, and the reason this is important, is it's de novo review with regard to a dismissal under Section 2615. And under Section 2612, permitting amendments to pleadings, that's discretionary review. So strictly speaking, is it that you're claiming not so much, or not at all, that the trial court erred by granting the motion to dismiss, but that the trial court erred by denying you the opportunity to file an amended complaint under Section 2612? Well, I have to say I think it's both. And the reason I say that, although I think that I understand why that's kind of weird, is because if we're allowed to, let's say we're allowed to, you decide, hey, he didn't make a mistake and he should be allowed to go back and amend. He's basically found there's no duty based on the particular relationship of the parties, I guess. And so I'm not sure. I mean, I can go back and amend and add facts like Justice Turner suggested. But I think if I do, I'll be brought back here, because I think this judge in particular, like a lot of judges, look at this as it's a bar. They don't owe duty to this patron no matter what, and you lose. Well, maybe the better way to put this is, if we were to agree with the trial court that there was no duty based upon what you pled, and therefore the motion to dismiss under 2615 should be granted, then I guess the question would be, was there anything in the request to file an amended complaint that would have changed the duty analysis? Or is it that there would be no duty under the amended complaint either, which frankly seemed to be what the trial court was saying, I think. I think the trial court said, this is my interpretation, was that there's just nothing you can say or allege that's going to give rise to a duty by this defendant to this plaintiff. That's what I think. And the reason I say that is because he really kept looking at, you know, it's a gram shop, they sell liquor, they gave him liquor, he didn't sell it, but it was in the employment contest. Although I don't know that I think that's dispositive. But there's nothing about the fact that this is a bar that really has anything to do with this particular case. Because, again, we did not allege they over-served, negatively served. Well, just to focus on these procedural aspects again, you're claiming that the trial court's assessment of no duty is incorrect. What was there in the amended complaint you sought to file, this 2-6-12, that would have added to or changed the duty analysis or was it all essentially the same thing? So the real question in front of us is whether the trial court, in our de novo review, was correct in dismissing. I really do think that that's the proper analysis because I really believe, I don't know that there's a whole lot more I could have said at that point. You know, we didn't have a lot of this, we didn't have any discovery. And I don't know that there's a whole lot more I could have alleged at that point. And I don't know that I think it would have mattered to the trial court. Because he was adamant. In fact, when I went in to argue this motion, I was surprised a little bit because he was just adamant there's no duty, period. And so I don't know that there's any... Well, to be more clear, and I apologize... No, I'm sorry, I think I must be... I'm trying to deal with this. What specifically in your amended complaint that the trial court denied supported or added to the duty analysis so that the trial court or we could conclude that's a discretionary matter? Gee, if this amended complaint was before the court, the claim of duty would be greater because. I think the additional duties would have been that, you know, they basically threw him out on the street without making sure that he had a way to call for help on his own, for example. Was that in the amended complaint? It was. And certainly if it wasn't, that's really where we would have headed. But I do think it would not have mattered to the trial court because he was really clear and he had a thoughtful analysis. But he just thinks or thought that no matter what you say here, there's no duty. And so I think that's really postural. Well, but it's kind of like not just what you say, it's based upon what additional stuff you wanted to say. It wouldn't have made any difference. I think that's true, really. I mean, you know, this is one of those cases where, like I said, it falls on this spectrum. Now, it would have been really easy if they had just said leave and he did. And then I wouldn't be here at all. It would have been easy if they said leave and they gave him into the custody of the police, for example, or a friend, or they didn't even know what happened to him. But I think the issue here is because they kind of took custody of him, if you want to think about it like that, and marched him out, it puts it closer to those cases where there really is no question that there's a duty. But if they had just said leave, how does that put him in any different position? Well, I'll tell you, it doesn't necessarily. But here's the difference. It's because he left his own mission then and no longer a duty. If they make that determination for him and walk him out, they've made the decision that he leaves and under what conditions. And if you look at Free Statement of Torts, what it says is if you undertake a duty to somebody, you can't put them in a worse position than they were before. So he certainly was in a worse position because he could have been sitting there sober enough, could have had something to do. But we're talking about if they just told him to leave. Right, exactly. So if they told him to leave and he complied, he wouldn't have been sitting there sobering up. True. But that's his decision at that point. They kind of took that decision to make with him. They picked him up and they marched him out. That's no longer his decision, and they have voluntarily undertaken that duty. This case is really, I think factually, more similar to the Simmons case where basically they didn't even sell liquor. They were just giving away mixers and stuff. But in any event, when those people came in, they brought their own liquor and they over-served themselves. But they put the person in Simmons into a vehicle and required that person to drive off. Well, yeah, that's true. But if you think about how the Supreme Court analyzed it, what they said was they looked at all the behavior. They analyzed this person's behavior. This person was too intoxicated to remain on my premise. He was vomiting in the restroom and so very intoxicated, and they decided, you have to leave, period. So they take that person out. They call the valet for the car, and they put him in the car and say, you have to leave. And I think that our case is similar to that. I'm not saying it's identical, but like I said, every case that's in this particular area is very fact-specific. Thank you. Thank you, counsel. Mr. Burke? May it please the Court? I just wanted to make a note. I represent Ronald Robin Enterprises, Inc., and we're asking the Court to affirm Judge Palm's order on granting dismissal of the plaintiff's amended complaint. During the earlier portion of the argument, there was a question about the record and the reasons. Even though the standard review is to note all three reasons that Judge Palm articulates in the record of court proceedings, there's a good improvement. I would mention that he did, in addition to duty, also dismiss the complaint of approximate cause, grounds, as well as exclusivity of the Crime Child Act. That can be found at the court proceedings on Record 53-55. Kind of following that roadmap, the first predominant reason that Judge Palm dismissed the complaint was under a duty analysis. And what we're talking about here is a voluntary undertaking, an attempt to state a cause of action, and the Illinois case law and the court district in particular has been very vocal about the fact that there is a narrow construction in the copyright voluntary undertaking under Restatement 323. And the review of the complaint, I don't think it's unimportant here, the duty that the plaintiff alleges, and I want to get this right, is that the defendant voluntarily undertook the duty to protect rent, vote, safety, and well-being, and decide for rent, vote, et cetera, et cetera. The most recent case, Bell v. Hotsaw by the Supreme Court, makes it clear that there needs to be a threshold issue, is an undertaking. There was no undertaking here to protect Mr. Post and look out for his well-being. We have a simple situation which occurs statewide when stadiums close down, concert venues end, bars close, and that is ejecting patrons, some of whom are in high school. And that's exactly what happened here. This wasn't an undertaking ensuring that Mr. Vote made it safely home. It wasn't an undertaking to determine whether he needed medical care. It's completely distinguishable from the Supreme Court with Coolidge, which the counsel mentioned, which, by the way, was pursued under Restatement 324, which is the duty to render care to someone who is helpless. In that case, the social hosts took exclusive and complete control over an unconscious minor who had been drinking. The counsel is someone is so intoxicated that it's clear that they're not going to be able to walk without falling down and possibly hurting themselves. And then they're told to leave anyway. There's just no cause of action that survives for the establishment to order this intoxicated person out of the bar. Well, there is a cause of action, and that leads into the exclusivity argument. In common law, there was no cause of action for what you're talking about because the Proximate Clause chain was broken by an able-bodied individual voluntarily consuming alcohol. The Proximate Clause, 100-plus years ago, they passed the Dram Shop Act, an amendment a number of times since. It gives a little to defendants. It gives a little to plaintiffs. It's strict liability. It doesn't have to do with duty. It doesn't have to do with Proximate Clause. It's strict liability. If you over-serve someone under some circumstances, irrespective of whether you knew, blah, blah, blah. And then the damages are limited. That's the trade-off. That's the trade-off. And it doesn't cover everything. In this situation, because Mr. Vogt wasn't married and had no dependents, there really is no cause of action because there's an exclusion in the Act itself for injuries to yourself as a result of your own intoxication. So, plus, it does show, including in addition to the Illinois Minor Responsibility Act, anti-dazing acts, that the legislature has preempted the field of alcohol liability. It has prescribed when commercial sellers can be held liable under the Dram, when fraternities can be held liable under anti-dazing, et cetera. And that was the third prong of Judge Baum's dismissal, in addition to the fact that, even under a common-law analysis, there was no proof. There wasn't substantial and specific steps by the tavern to see that he made this passage home. Counsel mentioned during her argument that some importance should be attached to the fact that he was ejected. Well, that's not accurate. The case law says just the opposite. The McCune case from the Fifth District, they ejected that individual to injure himself, and for good measure, on his way out, they sold him another case of beer and a fifth of whiskey. The Fifth District properly held that there was no duty, and they also held that Dram shop excluded these types of causes of action as well. Another case along those lines is Desmond v. Cairns. The facts in that case involve an underage cad, he had a country club up in the Chicago-land area, drink, and a cad attends after an event, they ejected him, injured himself, and some others. Again, the First District in that case said the Dram shop excludes it, and there was no duty to see that these folks had safe passage home. In addition to the duty analysis that Judge Brown undertook, he also mentioned or held that the proximate clause machine was broken also. The facts allege that Mr. Boehring walked home some space and time later, he sustained head trauma. The proximate clause is generally a jury question, it also is a judicial policy making mechanism as well, and some boundary has to be set, and I think that his determination of the facts that were alleged in the case on that basis is also important. I'd like to ask you questions about the procedural aspects in this case, to make sure I understand it. You made a motion to dismiss under section 2615? Right. The trial court granted it? Right. Finding there was no duty? Well, on pages 52 to 55, his reasoning was threefold. No duty, no proximate clause, and the Dram shop excludes it. Subsequently, the plaintiff made a motion to amend the complaint under section 2612? She orally made a motion at the conclusion when the decision was handed down. And the trial court denied the request? Correct. What explanation did the court give? Well, by way of procedural background, the original complaint was attacked under 2615. It was granted by way of order to motion to dismiss. In the reply in that going on, on that motion, the plaintiff petitioned the court saying, well, I'd like, I can make a case under voluntary undertaking. The amended complaint introduced voluntary undertaking theory of sorts, which was basically the only change between the original complaint and the amended complaint. There was no new facts. Subsequent to that, we petitioned the court for a bill of particulars, which was denied and flushed out some more facts so that it could be well-equipped. He was confident that facts had not changed between Complaint 1 and Complaint 2, and that it was insufficient law for both to be pressed upon. So did you object to the oral request to amend under 2612? I don't think I articulated an objection, but as the record will show, you know, nothing was done subsequent to the day he handed down his ruling as part of the motion. But you understand that's one of the issues that the plaintiff is now raising on appeal? I do. So essentially, as I understand it, it's two issues. One is trial court erred, according to the plaintiff, by granting the motion to dismiss under 2615, and trial court erred by not permitting an amended complaint to be filed? Yes. I think, as you mentioned, it's a discretionary ruling, and Judge Guam was well acquainted with the fact that the facts between Complaint 1 and 2 did not change. The only thing that changed was the citation to the duty being a voluntary undertaking. So he felt that the factual scenario was as complete as he needed it to be to make the determination he did? Well, if I understand correctly, under 2612, it's a discretionary call, but at the same time, it's supposed to be a liberal application of the rule to permit the plaintiff to come up with any possible theory that might work. Whereas here, I guess your argument is, and what the judge agreed with, is the voluntary undertaking theory is essentially the same thing. There's still no duty, and there's no need to grant the request to amend the complaint to so state, because it wouldn't make any difference on the duty analysis. I think that's true, and if you saw the evolution of the theories that were alleged, coupled with the fact that, for instance, the conversation earlier, Simmons was mentioning, that's Restatement 876, that has to do with, in concert, two torque teasers. It wasn't a duty that ran to the person they put in the car, it ran to someone on the road. There was a conspiracy theory between the strip club and the driver. So essentially, if I understand you correctly, the position you're taking is, the trial court was correct in granting the motion to dismiss under 2615 because there was no duty, and the trial court was also correct in exercising its discretion in denying the request to be liberally construed. It would not have changed the trial court's ultimate conclusion that there was no duty. I agree with that. That is essentially your position, if I understand it correctly. That's true. And I think that what makes that accurate is, if you review the cases such as Simmons or Kulich, they cover a lot of other restatements, and frankly, they don't. The facts here don't fit squarely in those clauses of action. They can't. And I think that would be the conclusion I should have found ultimately. If the panel doesn't have any other questions, I'll conclude by asking that we affirm the order to file measures dismissing the famous medical claims with prejudice. Thank you, counsel. Thank you. Any rebuttals? With regard to the issue of approximate cause, that's typically a question of fact to be determined. We have not gone through any discovery. We have not. I mean, the judge made the determination that the allegations of approximate cause were inadequate, which is a bit unusual. And I think it goes to point out that Judge Long is just really, I think, struggling with the notion that there would be a duty owed by a gram shop to somebody in this position. I mean, the cases do go all over the place, and that's why they're very fact specific, and that's why we ask for the ability to amend. And, frankly, when the judge, during the motion hearing on the bill in particular, said, you know, I think this is the state's cause of action at least to move forward, it was rather surprising then that he just dismissed it with prejudice, without leaving to appeal, or I'm sorry, without leaving to amend. And so I think that, really, when you look at this particular situation and how it unfolded, and I'm not saying that we will be able to, I mean, I'm not echoing a summary judgment or a jury vote or anything, but we are asking that we at least be allowed to amend the complaint to go forward at this time, particularly when the Supreme Court, in that post-civil procedure, indicate that pleadings need to be verbally construed. So we are asking you to reverse every amendment. Thank you, counsel. We'll take this matter under advisement and be in recess until the next case.